JEFFREY I. PITEGOFF, ESQ.
Nevada Bar No. 005458
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
MORRIS, SULLIVAN, LEMKUL & PITEGOFF
3770 Howard Hughes Parkway, Suite 170
Las Vegas, Nevada  89169
Telephone No.:  (702) 405-8100
Fax No.:  (702) 405-8101
pitegoff@morrissullivanlaw.com
cereghino@morrissullivanlaw.com
*Attorneys for Defendant UMC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEVERLY J. WATKINS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY MEDICAL CENTER a.k.a UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA a.k.a. UMC, a political subdivision of Nevada; DOES I-V; ROES VI-X,<br><br>    Defendants. | CASE NO:  2:16-cv-01105-APG-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff, BEVERLY WATKINS ("Plaintiff"), by and through the Law Office of Dan M. Winder, P.C. and Defendant, UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA ("Defendant") by and through the law firm of Morris, Sullivan, Lemkul & Pitegoff, LLP, hereby stipulate and agree as follows:

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.  <u>DEFINITIONS</u>

2.1  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, carrier representatives and outside counsel (and their support staff).

2.2  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.5  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery or Discovery Material from a Producing Party.

2.6  <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7  <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.9  <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including coverage counsel and/or a carrier's claims counsel.

/ / /

/ / /

    2.10    <u>House Counsel:</u> attorneys who are employees of a Party.

    2.11    <u>Counsel (without qualifier):</u> Outside Counsel and House Counsel (as well as their support staffs).

    2.12    <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.13    <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or seven (7) years from the date of execution of this Protective Order have elapsed.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those

parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

<u>Designation in conformity with this Order requires</u>:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend

/ / /

/ / /

1  "CONFIDENTIAL" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony will have a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3   <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

/ / /

/ / /

Any party who inadvertently fails to identify documents as "Confidential" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

  5.4 <u>Inadvertent Production:</u> If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, the Receiving Party shall promptly return, sequester, or destroy such inadvertently produced documents, including all copies. A Receiving Party may present the information to the court under seal for a determination of the claim only after it has engaged in the Meet and Confer process outlined at 6.2 below. The Receiving Party may challenge the Producing Party's claim or the timeliness and sufficiency of the Producing Party's notice related to the claim, or assert that the circumstances surrounding the production or disclosure warrant a finding that the Producing Party has waived any claim of privilege.

 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>. If the parties are unable to come to agreement during the meet and confer process, the Challenging Party shall give notice to the attorney for the Designating Party that the matter is at an impasse, both in writing (which may be by email or fax) and by an attorney to attorney communication (either in person or by telephone). Upon the completion of both such notices, the Designating Party shall have 21 days to file and serve an appropriate motion that identifies the challenged material and sets forth the basis for the designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue

The burden of persuasion in any such challenge proceeding shall be on the Party designating the material. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

/ / /

/ / /

7.2     Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Nori Evans, if disclosure is reasonably necessary for this litigation and if she has signed the Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author of the document or the original source of the information.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax,

1   if possible) immediately and in no event more than three court days, or as soon as is practicable,
2   after receiving the subpoena or order. Such notification must include a copy of the subpoena or
3   court order.
4       The Receiving Party also must immediately inform in writing the Party who caused the
5   subpoena or order to issue in the other litigation that some or all the material covered by the
6   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
7   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
8   caused the subpoena or order to issue.
9       The purpose of imposing these duties is to alert the interested parties to the existence of
10  this Protective Order and to afford the Designating Party in this case an opportunity to try to
11  protect its confidentiality interests in the court from which the subpoena or order issued. The
12  Designating Party shall bear the burdens and the expenses of seeking protection in that court of
13  its confidential material - and nothing in these provisions should be construed as authorizing or
14  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15      8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

16      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
17  Material to any person or in any circumstance not authorized under this Stipulated Protective
18  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
19  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
20  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
21  this Order, and (d) request such person or persons to execute the "Acknowledgment and
22  Agreement to Be Bound" that is attached hereto as Exhibit A.

23      9.    <u>FINAL DISPOSITION.</u>

24      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days,
25  or as soon as is practicable, after the final termination of this action, each Receiving Party must
26  return all Protected Material to the Producing Party. As used in this subdivision, "all Protected
27  Material" includes all copies, abstracts, compilations, summaries or any other form of
28  reproducing or capturing any of the Protected Material. With permission in writing from the

Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

10. MISCELLANEOUS

10.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

The Court may modify the stipulated protective order in the interests of justice or for public policy reasons.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

DATED this 29th day of March,, 2017.    DATED this 29th day of March, 2017.

Law Office of Dan M. Winder, P.C.    Morris, Sullivan, Lemkul & Pitegoff

/s/ *Kristina Miletovic.*    /s/ *Jeffrey I. Pitegoff, Esq.*
KRISTINA MILETOVIC, ESQ.    JEFFREY I. PITEGOFF, ESQ
Nevada State Bar No. 14089    Nevada State Bar No. 5458
RNOLD WEINSTOCK, ESQ.    DANIEL S. CEREGHINO, ESQ.
Nevada State Bar No. 810    Nevada State Bar No. 11534
SCOTT C. DORMAN, ESQ.    3770 Howard Hughes Parkway, Suite 170
Nevada State Bar No. 13108    Las Vegas, Nevada 89169
3507 W. Charleston Blvd.    Tel: (702) 405-8100
Las Vegas, NV 89102    Fax: (702) 405-8101
Tel: (702) 474-0523    pitegoff@morrissullivanlaw.com
Fax: (702) 474-0631    cereghino@morrissullivanlaw.com
winderdanatty@aol.com    *Attorney for Defendant*
*Attorneys for Plaintiff*

**ORDER**

IT IS SO ORDERED.

DATED: March 31, 2017

_____
UNITED STATES MAGISTRATE JUDGE