UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BEVERLY J. WATKINS,<br><br>                Plaintiff,<br>v.<br><br>UNIVERSITY MEDICAL CENTER,<br><br>                Defendant. | Case No. 2:16-cv-01105-APG-PAL<br><br>**ORDER**<br>**And**<br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(Mot Enforce Setlmt – ECF No. 39) |

Before the court is defendant's Motion to Enforce Settlement (ECF No. 39). The court has considered the motion and plaintiff's Opposition (ECF No. 41).

**BACKGROUND**

This is an employment discrimination and civil rights case. On July 18, 2017, the parties submitted a stipulation and proposed order to stay the case pending approval of a settlement agreement the parties reached. *See* Stipulation (ECF No. 36). The stipulation advised that their agreement was contingent upon approval by defendant University Medical Center of Southern Nevada's governing board. The board was not scheduled to meet until August 23, 2017, and the parties therefore requested a short stay which the court granted.

On September 28, 2017, the parties submitted a Stipulation (ECF No. 37) requesting a status conference. In it, the parties represented that UMC's governing board had approved the settlement. However, since July 19, 2017, there has been a breakdown in communication between plaintiff and her attorneys as plaintiff had not returned dozens of phone calls, or responded to emails, and letters. The court granted the parties request for a status conference and set the matter for hearing on October 19, 2017. At the hearing, counsel for the parties appeared and represented that a written settlement agreement had been agreed to by both sides, and approved by UMC's governing board. However, plaintiff was still refusing to communicate with her counsel and was

refusing to sign the agreement. At the hearing plaintiff's counsel acknowledged that the agreement prepared by counsel for UMC accurately reflected the parties' settlement. Counsel for plaintiff also represented that she had full authority from her client to enter into the agreement under the terms contained in the written agreement. Defense counsel stated UMC was still willing to abide by the agreement provided his client was protected from claims arising out of this lawsuit. Both sides "requested the court's guidance." The court directed counsel for defendant to file a motion attaching a copy of the written settlement agreement, and required plaintiff's counsel to file a response attesting to whether or not the settlement agreement attached to the motion was the agreement reached.

Defendants filed a motion to enforce which attaches a copy of the settlement agreement and an email from counsel for plaintiff to counsel for defendant confirming that the "settlement agreement draft you sent is fine." UMC requests an order: (1) enforcing the terms of the agreement in the form attached as Exhibit C to the motion; (2) reducing agreed upon settlement amount by $450.00 as a sanction to cover UMC's costs and fees for filing the motion necessitated by plaintiff's refusal to execute the agreement; (3) directing that all payments required under the terms of the agreement be made payable to plaintiff and her attorney's trust fund; and (4) an order dismissing this action with prejudice. Counsel for plaintiff opposes UMC's request to reduce the $5,000 settlement payment by $450.00, but does not object to defendants' other three requests for relief. The opposition confirms that the settlement agreement attached to the motion to enforce is the agreement the parties reached.

**DISCUSSION**

A district court has the inherent power to enforce a settlement agreement entered into while litigation is pending before it. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The court's equitable power to summarily enforce a settlement agreement derives from the nature of the relief sought. *Cf. Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (noting that an "action for specific performance without a claim for damages is purely equitable"). A motion to enforce a settlement agreement is essentially an action to specifically enforce a contract. *Id*. (quoting *Owens–Illinois*,

2

*Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979)). However, a district court may not exercise its equitable powers to summarily enforce a settlement "where material facts are in dispute." *In re City Equities Anaheim*, 22 F.3d at 958.

Federal courts apply state law contract principles in deciding a motion to enforce. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). The Nevada Supreme Court has held that because a settlement agreement is a contract, its construction and enforcement is governed by principles of contract law. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). For a contract to be enforceable, basic contract principles require: and offer and acceptance, meeting of the minds, and consideration. *Id.* Preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms. *Id.* A contract is not enforceable when material terms are lacking or are insufficiently certain and definite. *Id.* However, a contract may be formed when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later. *Id.* A court may not compel compliance of a settlement agreement "when material terms remain uncertain. The court must be able to ascertain what is required of the respective parties." *Id.* The terms of a release are material to any settlement agreement. *Id.* at 673–74, 119 P.3d at 1258. The Nevada Supreme Court has found that "release terms are not a mere formality," but "an important reason why a party enters into a settlement agreement." *Id.*

Here, there are no material facts in dispute. Counsel for the parties agree that a settlement was reached between the plaintiff Beverly Watkins, University Medical Center of Southern Nevada, and Clark County in the form attached to the motion as Exhibit "C". UMC's governing board approved the settlement. The court has reviewed the settlement agreement. It contains standard terms and conditions for agreements of this nature. The terms are sufficiently certain and definite and outlines what is required of both sides. Counsel or plaintiff confirms that the plaintiff agreed to and authorized this settlement, but has refused to communicate with counsel for months, and declined to sign the agreement. The court will therefore grant the motion to enforce, direct that settlement proceeds be paid as requested, and recommend that this case be dismissed with prejudice. However, the court will deny the request for sanctions.

Having reviewed and considered the matter,

**IT IS ORDERED** that UMC's Motion to Enforce Settlement (ECF No. 39) is **GRANTED in part** and **DENIED in part**.

1. The motion is granted to the extent that:
   A. The terms of the settlement agreement in the form attached as Exhibit C shall be enforced; and
   B. The payments required under the terms of the agreement shall be made payable to the plaintiff and her attorney's trust fund and tendered forthwith;
2. The motion is denied to the extent that UMC is requesting to reduce the agreed-upon settlement amount by $450.00 as a sanction for plaintiff's refusal to execute the agreement and cover the costs of UMC's motion practice.

**IT IS RECOMMENDED** that this case be dismissed with prejudice with each side responsible for its own costs and attorney's fees.

DATED this 17th day of November, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE